NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000026
14-AUG-2015
08:12 AM

NO. CAAP-13-0000026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BOARD OF DIRECTORS OF THE ASSOCIATION OF UNIT OWNERS OF
YACHT HARBOR TOWERS, Plaintiff-Appellee, v. JUDY ALLEN,
as Trustee of the General Revocable Trust Agreement of
Hiroko Allen dated October 27, 2009, Defendant-
Appellant, and J.L.P. ROBINSON, LLC, Defendant-
Appellee, and JOHN DOES, 1-25, DOE CORPORATIONS 1-25,
DOE PARTNERSHIPS 1-25, and DOE ENTITIES 1-25,
Defendants

J.L.P. ROBINSON LLC, Cross-Claimant-Appellee, v. JUDY ALLEN,
as Trustee of the General Revocable Trust Agreement of
Hiroko Allen dated October 27, 2009, Cross-Claim
Defendant-Appellant, and JOHN DOES 26-50, DOE
CORPORATIONS 26-50, DOE PARTNERSHIPS 26-50, and DOE
ENTITIES 26-50, Cross-Claim Defendants, and HIROKO
ALLEN, Third Party Defendant-Appellant[1]


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2441)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Ginoza, JJ.)

Defendant/Cross Claim Defendant-Appellant Judy Allen
(Allen), as Trustee of the General Revocable Trust Agreement of
Hiroko Allen, dated October 27, 2009 (Trust), and Third Party
Defendant-Appellant Hiroko Allen (collectively, the Allens)
appeal from the Circuit Court of the First Circuit's (Circuit

_____

[1] Although the parties refer to Hiroko Allen as an "Additional
Cross-Claim Defendant" she is properly denominated as a Third Party-Defendant
as she was not named in the original complaint.

Court)[2] "Order Granting in Part and Denying in Part [Defendant/Cross-Claimant-Appellee J.L.P. Robinson LLC's (Robinson)] Motion for Confirmation Of Sale, for Writ of Possession, For Disposal of Personal Property and for Deficiency Judgment Filed on October 10, 2012" (Order Confirming Sale) as well as the Judgment entered on the Order Confirming Sale and Judgment for Possession, all entered on December 19, 2012.

On appeal, the Allens maintain that the Circuit Court erred in issuing the Order Confirming Sale, because the credit bid in the amount of $110,00.00 for the condominium at issue was insufficient, and therefore the Order Confirming Sale and the corresponding judgments in Robinson's favor should be vacated and remanded.

After reviewing the record on appeal, the points properly raised by the Allens, the parties' arguments and the applicable legal authority, we resolve the Allens' appeal as follows and affirm.

On appeal, the Allens present one point of error. They allege that the "credit bid of $110,000 was so grossly insufficient as to shock the conscience of any reasonable person, especially in these circumstances where the subject property had been rendered unmarketable by Robinson preventing competitive bidding" and therefore "the Circuit Court's order confirming sale and judgment thereon should be reversed, and the case remanded for further proceedings."

The Allens support this single point of error on appeal with two arguments, as follows: (1) "The sale of the property for a credit bid of $110,000 to Robinson should shock the conscience of any reasonable person[;]" and (2) "The Commissioner's inability to market and sell the property for a fair and reasonable price is the result of Robinson's own unfair self-dealing."

We reject the first argument, as it is based on the fallacious premise that a reasonable valuation of the subject property, against which the accepted bid should be compared,

---

[2]    The Honorable Bert I. Ayabe presided.

includes the fee simple interest, which the Allens did not own. The Allens provide no authority for this proposition.

The Allens also do not provide authority for their second assertion, that the Board of Directors of the Association of Unit Owners of Yacht Harbor Towers and Robinson's alleged "self-dealing" in renegotiating the lease rental fee increase is a valid basis for overturning the instant foreclosure sale conducted more than five years later.

On this record, the Allens have failed to show the Circuit Court abused its discretion in confirming the foreclosure sale. Sugarman v. Kapu, 104 Hawai'i 119, 124, 85 P.3d 644, 649 (2004).

Therefore, the Circuit Court of the First Circuit's (1) "Order Granting in Part and Denying in Part [Defendant/Cross-Claimant-Appellee J.L.P. Robinson LLC's] Motion for Confirmation Of Sale, for Writ of Possession, for Disposal of Personal Property and for Deficiency Judgment Filed on October 10, 2012[,]" (2) Judgment; and (3) Judgment for Possession, all entered on December 19, 2012 are affirmed.

DATED:  Honolulu, Hawai'i, August 14, 2015.

On the briefs:

Gary Victor Dubin.
Frederick J. Arensmeyer, and
Zena Jafar,
for Defendant/Cross Claim
Defendant-Appellant Judy Allen
and Third Party Defendant-
Appellant Hiroko Allen.


Tracy G. Chinen
for Defendant/Cross-Claimant-
Appellee J.L.P. Robinson LLC.

Chief Judge

Associate Judge

Associate Judge

3